**G.H. SKALA CONSTRUCTION COMPANY, Appellant–Defendant,**

v.

**NPW, INC. and S.S. Restaurant Corporation, Appellees–Plaintiffs.**

No. 79A02–9803–CV–245.

Court of Appeals of Indiana.

Dec. 29, 1998.

John S. Antalis, Lafayette, Steven A. Miller, Michael D. Richman, Sachnoff & Weaver, Ltd., Chicago, IL, for Appellant–Defendant.

Roger Wm. Bennett, Christine A. Desanctis, Bennett, Boehning & Clary, Lafayette, for Appellees–Plaintiffs.

**OPINION**

RUCKER, Judge.

When the G.H. Skala Construction Company failed to appear for trial, a bench trial was conducted in its absence and judgment was entered in favor of NPW, Inc. Skala Construction had not entered an appearance in the case. Alleging it received no notice of the trial, and that it did not appear on the advice of a person who was not a licensed attorney, Skala Construction filed a motion for relief from judgment. According to Skala Construction it should have been given notice of the trial, and the conduct of the purported attorney amounted to fraud on the court. After a hearing the trial court denied the motion. Skala Construction now appeals raising six issues for our review four of which concern purported procedural errors that occurred before and during the hearing on the motion for relief from judgment. We address the remaining two dispositive issues which we rephrase as follows: (1) was Skala Construction entitled to notice when no appearance was entered on its behalf, and (2) did the advice of an unlicensed attorney represent fraud on the court. The answer to both questions is no, and we therefore affirm.

**Facts and Procedural History[1]**

■ The G.H. Skala Construction Company is an Illinois corporation engaged in the

---

1. Counsel for Skala has presented us with a brief containing 23 pages of "facts" that are argumen-

construction business. George Houmpavlis is president and majority stockholder, and his wife Mary is an employee responsible for maintaining corporate books and records. She also orders materials, sometimes works with customers, obtains building permits, deals with banks, and does paperwork involving contractor statements. NPW, Inc. is an Indiana corporation doing business as the Nirvana Family Restaurant located in Lafayette. In May 1995 the restaurant was gutted by fire. Later that year NPW and Skala Construction entered a written agreement under which Skala Construction was required to furnish all labor and materials necessary to reconstruct the restaurant. Sometime thereafter a dispute arose between the parties over Skala Construction's alleged failure to pay various subcontractors and to perform the construction in a workmanlike manner. Communication between Mary Houmpavlis and lawyers for NPW did not resolve the dispute. Thereafter she hired David R. Geocaris to represent Skala Construction. A resident of Illinois with an office in that state, Geocaris held himself out as a lawyer. The record is not clear whether Geocaris was ever licensed to practice law in any state. However at all times relevant to this action he was not licensed to practice in either Illinois or Indiana.

On April 22, 1996, NPW sued Skala Construction seeking declaratory judgment, damages, and injunctive relief. A hearing on the injunction was conducted two days later on April 24, 1996. Geocaris did not attend the hearing nor enter an appearance on Skala Construction's behalf. Rather, George and Mary Houmpavlis appeared *pro se.* The Houmpavlises did not indicate to the court that they had retained counsel in this matter, nor did they seek a continuance. Instead, both George and Mary testified at the hearing, and cross-examined witnesses including unpaid subcontractors who were threatening to file mechanics liens against the Nirvana Family Restaurant. At the conclusion of the hearing, the trial court granted NPW injunctive relief prohibiting the Houmpavlises from filing or allowing to be filed any mechanics liens against the restaurant. The trial court

also resolved issues related to the subcontractors, orally advised the parties that a trial on the merits of NPW's claim would be conducted on June 4, 1996, and orally advised the Houmpavlises "if you want a lawyer, get a lawyer. If you don't, it's okay.... [ ] I'll listen to the evidence, and I'll· try to sort this out." R. at 432.

Although the court's written order reflected a trial date of June 3, 1996 which the court later rescheduled to June 6, 1996, the record shows that neither the Houmpavlises nor anyone acting on behalf of Skala Construction was present in court on either June 3, 4, or 6. The record also shows that no one entered an appearance on behalf of Skala Construction prior to the June 6 trial date. On the date of trial, in the absence of the Houmpavlises and Skala Construction, the trial court heard evidence and thereafter entered judgment in favor of NPW and against Skala Construction in the amount of $120,-965.46. About a month later Geocaris, the purported Illinois attorney, filed with the trial court a pleading entitled "Motion To Vacate Ex–Parte Order and Default Judgment Pursuant to Ind. Trial Rule 60(B)." R. at 71. A hearing on the motion was originally scheduled for July 16, 1996. However, as a result of numerous continuances along with a congested trial docket the hearing was ultimately rescheduled to January 27, 1997. When Skala Construction failed to appear on that date NPW moved to dismiss the pleading which the trial court took under advisement. Ultimately the trial court denied the motion. In May 1997 present counsel entered an appearance on behalf of Skala Construction. Represented by counsel, Skala Construction then filed a motion for relief from judgment which it later amended. Skala Construction also filed a motion for discovery which included interrogatories directed to NPW, and a request for production of documents. The discovery motion was denied. A hearing on the motion for relief from judgment was finally held on November 6, 1997, after which the trial court denied the motion. This appeal followed in due course.

tive, confusing, and uninformative. We remind counsel that a Statement of Facts should be written as a concise narrative without argument.

*Barth v. Barth,* 693 N.E.2d 954, 956 (Ind.Ct.App. 1998).

Additional facts are set forth below where relevant.

### Discussion and Decision

 The grant or denial of a T.R. 60(B) motion for relief from judgment is left to the equitable discretion of the trial court. On review we will reverse only if the trial court abused its discretion. *Lake County Trust No. 3190 v. Highland Plan Comm'n,* 674 N.E.2d 626, 628 (Ind.Ct.App.1996), *reh'g. denied.* An abuse of discretion occurs when the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id.*

In its motion before the trial court Skala Construction did not indicate the exact subsection under T.R. 60(B) which would allow it relief from judgment. Similarly before this court Skala Construction has not indicated the specific subsection on which it relies. Indeed nowhere in its fifty-eight page Brief or its thirty-eight page Reply Brief does Skala Construction even cite the text of the rule which provides in pertinent part:

On motion and upon such terms as are just the court may relieve a party or his legal representatives from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

(2) any grounds for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59.

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;

. . . .

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

 We acknowledge that a party's failure to specify the exact paragraph under which the party seeks relief will not defeat a request for relief if the party can make an adequate showing that there are sufficient grounds to support the motion. *Greengard v. Indiana Lawrence Bank,* 556 N.E.2d 1373, 1375 (Ind.Ct.App.1990). In this case Skala Construction's argument can be summed-up as follows: (1) the Houmpavlises did not attend the June 6, 1996, trial date because Geocaris advised them that he was settling the case with NPW and therefore it was unnecessary for them to appear in court on that date because there would be no hearing; (2) the Houmpavlises thought Geocaris was a licensed attorney; (3) Geocaris was in fact not licensed to practice law in either Illinois or Indiana; and (4) the trial court did not give the Houmpavlises advance notice of the June 6 hearing date. According to Skala Construction, Geocaris' conduct represented fraud on the court, and the Houmpavlises were entitled to notice. Skala Construction contends that for both reasons it is entitled to relief.

 Given Skala Construction's averments T.R. 60(B)(8) appears to be the more applicable provision for its notice argument, and T.R. 60(B)(1) appears to be the more applicable provision for its "fraud on the court" argument.[2] A party seeking relief from judgment under subsection (8) must affirmatively demonstrate extraordinary circumstances. *Summit Account & Computer v. Hogge,* 608 N.E.2d 1003, 1005 (Ind.Ct.App. 1993). *Id.* For all subsections of T.R. 60(B), the burden is on the movant to establish the grounds for relief. *Id.* at 1006.

 On the question of notice, Skala Construction specifically contends that the Houmpavlises were unaware of the June 6

---

2. Skala Construction specifically notes that it is not pursuing relief under the fraud or misrepresentation provision of subsection three. In fact Skala Construction challenges as erroneous the trial court's alleged reliance on T.R. 60(B)(3) in denying relief. Therefore we do not address this particular subsection.

trial date until sometime around June 21, 1996. At that time Geocaris purportedly advised Mary Houmpavlis that a hearing had been conducted and a default judgment entered. Skala Construction also complains that it was not until August 10, 1996, that the Houmpavlises received notice from the court that the trial date had been rescheduled from June 3 to June 6.

■ We make two observations on this latter point. First, the record shows that two weeks before June 6, 1996, the court sent the Houmpavlises notice by certified mail advising them of the rescheduled trial date. For reasons not clear from the record, the Houmpavlises did not retrieve their mail from the post office until August. It is a party's responsibility to keep informed of hearing dates through an attorney or his own initiative. *Langdon v. Langdon,* 641 N.E.2d 673, 675 (Ind.Ct.App.1994). Second, the record is clear that on April 24 the trial court orally advised the Houmpavlises that a trial on the merits of NPW's claim would be conducted June 4. Neither the Houmpavlises nor anyone representing Skala Construction appeared in court on June 4. Had someone so appeared they would have known the date had been rescheduled to June 6. In sum, contrary to Skala Construction's argument, the Houmpavlises were given notice of a June trial date. They simply failed to appear.

■ In any case not until May 1997 did anyone enter an appearance on behalf of Skala Construction, the party defendant in this case. Skala Construction concedes that no formal appearance was entered on its behalf but seems to argue that a formal appearance was unnecessary because the Houmpavlises were present in court on April 24, 1996. Thus, the argument continues, notice was nonetheless required. We disagree. This court has held that "[a] party who makes no appearance is not entitled to notice of the proceedings." *King v. King,* 610 N.E.2d 259, 263 (Ind.Ct.App.1993), *reh'g denied; see also* Ind. Trial Rule 5(A) ("[n]o service need be made on parties in default for failure to appear....."); *Bonaventura v. Leach,* 670 N.E.2d 123, 125 n. 1 (Ind.Ct.App. 1996), *trans. denied.* (In the context of Ind.Trial Rule 55, "a party who has not *formally* entered an appearance is not entitled to notice." (emphasis added)). Even in instances where counsel has entered an appearance on a party's behalf and then withdrew leaving the party unrepresented we have held "notice of the hearing on default *need not be sent to that party."* *Stewart v. Hicks,* 182 Ind.App. 308, 312, 395 N.E.2d 308, 313 (1979) (emphasis in the original).[3] In any event "lack of notice of certain proceedings occurring in a pending action is insufficient grounds for granting equitable relief under T.R. 60(B)." *Graham v. Schreifer,* 467 N.E.2d 800, 804 (Ind.Ct.App.1984) (recognizing the authority so holding but declining to apply it in that case). As we have indicated the Houmpavlises received prior notice of a June 1996 trial. However even assuming they did not receive notice: (a) they were not entitled to it because neither the Houmpavlises nor counsel entered an appearance on Skala Construction's behalf, and (b) Skala Construction's argument also fails because lack of notice is not a ground for T.R. 60(B)(8) relief in this instance. We conclude the trial court did not abuse its discretion in denying Skala Construction's motion for re-

---

**3.** We note the parties refer to the trial court's judgment as a default judgment. This is incorrect. Where the plaintiff has filed a complaint and the defendant has appeared in person or by counsel, but has not defended himself, either by answering or filing a motion, a default judgment can be properly rendered if the defendant has been given notice of the application for default judgment three days prior to the hearing on such application. *See* Ind. Trial Rule 55. However, "where the defendant has filed an answer or a motion, *or otherwise defended himself,* then a default judgment cannot properly be rendered." *Ed Martin Ford Co., Inc. v. Martin,* 173 Ind.App. 428, 430 n. 1, 363 N.E.2d 1292, 1295 n. 1 (1977) (emphasis added). After the issues have been formed and the defendant or his counsel does not appear for trial, then the court can hear evidence and render judgment. Such judgment is one on the merits and not a default judgment. *Id. See also Pinkston v. Livingston,* 554 N.E.2d 1173, 1176 (Ind.Ct.App.1990) (When a defendant fails to appear for trial, the trial court may hear evidence, and if the plaintiff establishes a prima facie case, the trial court may enter judgment. The judgment thus entered is on the merits.). Nonetheless where a party fails to appear, the rationale concerning the necessity for the formal entry of appearance and the resulting consequences for failing to do so are the same for entry of default judgments as it is for judgment on the merits.

lief from judgment on the basis of an alleged lack of notice.

■ Skala Construction also asserts that the conduct of Geocaris represents fraud on the court entitling it to relief. In support Skala Construction cites *Southerland v. County of Oakland*, 77 F.R.D. 727 (E.D.Mich.1978). Quoting a treatise that referred to *Southerland* Skala Construction asserts "[O]ne court set aside a judgment for fraud on the court when an attorney, as officer of the court, acted against the interests of his own client.... The attorney's false representations ... were fraud on the court and justified relief." Brief of Appellant at 38 (quoting MOORE'S FEDERAL PRACTICE § 60.21[4][e] ). However Skala Construction neglected to include the full quote which provides:

> In this case, the attorney secured a settlement by falsely promising the court that his client would get a fixed dollar amount from the settlement proceeds, even though this meant that the attorney would have to bear some costs and fees out of his own pocket. The attorney subsequently charged his client for those costs, for expert witness fees, and for the costs of a Medicare lien. The attorney's false representations, representations that did not benefit any party other than the lawyer himself, were fraud on the court and justified relief.

MOORE'S FEDERAL PRACTICE § 60.21[4][e]. It is apparent that the false representation the treatise refers to was a representation to the court. The case itself amplifies this point:

> [i]t is clear that when [the attorney] represented to the court that no useful purpose would be served ... he did so fraudulently, for his real purpose was to obtain a court order....
>
> ....
>
> ... He represented to the court that he would pay the lien, and through his fraudulent misrepresentations induced the court to approve a consent judgment....

*Southerland*, 77 F.R.D. at 730–31. In the case before us the purported attorney never appeared before the court and made no representations to the court. Thus, Skala Construction's reliance on MOORE'S and *Souther-*

*land* is not only misplaced, but it also misses the mark by a wide margin.

■ "Fraud on the court" exists when an "unconscionable plan or scheme was used to improperly influence the court's decision, and ... such acts prevented the losing party from fully and fairly presenting his case or defense." *Pinter v. Pinter*, 641 N.E.2d 101, 103 (Ind.Ct.App.1994). Assuming for the sake of discussion only that Geocaris' misrepresentation to the Houmpavlises amounted to the use of an unconscionable plan or scheme, we cannot agree the plan or scheme influenced the court's decisions, improperly or otherwise. There is evidence in the record suggesting that after the court entered judgment against Skala Construction, Geocaris may have contacted the clerk's office inquiring about the case. Also, the record is clear that after judgment was entered Geocaris filed a motion to set the judgment aside. However, he had no contact with the court whatsoever before or during the June 6 trial. Geocaris' action could not have influenced the court. The court was not even aware of his existence. Indeed by the time of the April 24 hearing Mary Houmpavlis had apparently retained Geocaris to represent Skala Construction. However this fact was not made known to the trial court. The purported lawyer's fraud, if any, was not on the court but on the Houmpavlises. In addition, Geocaris' misrepresentation to the Houmpavlises although perhaps influencing or persuading them not to appear for trial and thus resulting in no defense being presented on Skala Construction's behalf, it did not *prevent* Skala Construction from fully and fairly presenting its defense. "Prevent strongly implies decisive counteraction to stop something from happening." AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 1038 (1981). Certainly Skala Construction and the Houmpavlises could have appeared in court had they so desired. Nothing in the record shows they were stopped from so doing. We conclude that Geocaris' advice to the Houmpavlises did not amount to fraud on the court. The trial court did not abuse its discretion in failing to set aside the judgment on this grounds.

 Although not specifically argued, Skala Construction's averments come within the reach of T.R. 60(B)(1). The question posed is whether the Houmpavlises reliance on Geocaris' representations constitute "mistake, surprise, or excusable neglect." *Id.* We think not. In *Moe v. Koe,* 165 Ind.App. 98, 330 N.E.2d 761 (1975) the appellant sought T.R. 60(B)(1) relief from a paternity judgment. Appellant appeared for trial but was not represented by counsel. Appellant claimed that he was misled by the Legal Aid Services into believing that he did not need a lawyer to represent him. Appellant seemed to suggest that his reliance on the misrepresentation of the Legal Aid Services was a mistake entitling him to relief. Citing cases extending as far back as 1883 this court rejected appellant's argument. We observed "[i]n each of these cases advice was given by a defendant's attorney or by the sheriff or a *third party* that it was not necessary for the defendant to appear at trial or on the return date of the summons. Each held the defendant was not relieved of his responsibility in failing to appear." *Moe,* 165 Ind.App. at 103, 330 N.E.2d at 764 (emphasis added). Recognizing that mere mistakes of law do not authorize vacating a judgment, this court held "[appellant's] mistake did not even rise to the level of a mistake of law, but rather constituted only an error of judgment ... not the kind of excusable conduct contemplated by the words 'mistake, surprise or excusable neglect.'" *Moe,* 165 Ind.App. at 104, 330 N.E.2d at 765. We reach the same conclusion here. Skala Construction has failed to carry its burden of demonstrating entitlement to relief under T.R. 60(B)(1). The trial court therefore did not abuse its discretion in denying relief.

Judgment affirmed.

RILEY, J., concurs.

GARRARD, J., concurs in result.