## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 13 2017, 7:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Dennis F. Cantrell
Paul D. Mackowski
Cantrell Strenski & Mehringer, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEES

Robin R. Craig
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Samandar Reeckmann a/k/a Samandar Leaitu Reeckmann,

*Appellant-Defendant,*

v.

Clarence Wolfe, Jr. and Jan Wolfe,

*Appellees-Plaintiffs.*

September 13, 2017

Court of Appeals Case No.
82A01-1701-PL-135

Appeal from the Vanderburgh Superior Court

The Honorable Leslie C. Shively, Judge

Trial Court Cause No.
82D01-1510-PL-5513

**Bradford, Judge.**

# Case Summary

[1]  On August 27, 2014, Appellee/Plaintiff Clarence Wolfe Jr. was attacked by a dog while attempting to serve court documents on behalf of the Vanderburgh County Sheriff's Department at a residence located at 1501 South Grand Avenue in Evansville. During the attack, Clarence suffered a bite to the hand. At the time, the residence was owned by Appellant/Defendant Samandar L. Reeckmann and was inhabited by Jessica L. Hughes a/k/a Jessica L. Higginbottom. As a result of the attack, Clarence lost the ability to use his hand. Clarence also suffered lost wages and incurred medical expenses.

[2]  On October 27, 2015, Clarence and his wife, Jan Wolfe, (collectively, "the Wolfes") filed suit against Reeckmann and Higginbottom (collectively, "the Defendants"). In addition to Clarence's damages relating to Clarence's injuries, lost wages, and medical expenses, the Wolfes also alleged that Jan had suffered loss of consortium as a result of the bite and sought damages for such. Neither of the Defendants responded to the Wolfes' lawsuit.[1]

[3]  The Wolfes subsequently sought, and the trial court entered, default judgment against the Defendants. On March 21, 2016, the trial court entered judgment against the Defendants, jointly and severally, in the amount of $36,064.60, plus

---

[1] For the purposes of this appeal, we will assume that service upon Higginbottom was sufficient as Higginbottom has not challenged the trial court's personal jurisdiction over her at either the trial court or appellate level. Thus, given that the instant appeal only concerns whether Reeckmann was properly served with notice of the underlying lawsuit, we will limit our review to whether the service upon Reeckmann was sufficient to give the trial court personal jurisdiction over Reeckmann.

costs. The trial court conducted a hearing on June 23, 2016, to determine Reeckmann's ability to pay the default judgment. Reeckmann appeared at this hearing. He did not contest the trial court's jurisdiction over him at this time and in fact entered into an agreed order of personal garnishment. Approximately two and one-half months later, on September 8, 2016, Reeckmann filed a motion to set aside the default judgment, arguing for the first time that the trial court lacked personal jurisdiction over him. The trial court subsequently denied Reeckmann's motion.

[4] On appeal, Reeckmann challenges the trial court's denial of his motion to set aside the default judgment. In doing so, Reeckmann argues that the trial court erred in finding that it had personal jurisdiction over him. He also argues that the trial court should have granted his motion to set aside the default judgment because the requested relief was both necessary and just. Concluding that the trial court properly determined that it had personal jurisdiction over Reeckmann and that Reeckmann's requested relief was not necessary and would not be just, we affirm.

# Facts and Procedural History

[5] In August of 2014, Clarence was under contract with the Vanderburgh County Sheriff's Department to serve court documents. On August 27, 2014, Clarence was working in this capacity when he was attacked by a dog at a residence located at 1501 South Grand Avenue in Evansville. During the attack, Clarence suffered a bite to the hand. As a result of the attack, Clarence lost the

ability to use his hand. Clarence also suffered lost wages and incurred medical expenses.

[6] On the date in question, Reeckmann owned the residence located at 1501 South Grand Avenue. It was inhabited by Higginbottom, who is alleged to have owned the dog that attacked Clarence.

[7] On October 27, 2015, the Wolfes filed suit against the Defendants. The Wolfes' alleged that Clarence suffered injuries "as a direct and proximate result of the Defendants' careless and negligent acts or omissions" when he was attacked by a dog which exhibited "vicious propensities" during the discharge of his duties. Appellant's App. Vol. II, p. 17. The Wolfes sought damages relating to Clarence's injuries, lost wages, and medical expenses. They also sought damages relating to Jan's claimed loss of consortium.

[8] The Wolfes used various methods in their attempts to serve Reeckmann with notice of the lawsuit. The record indicates that service was successful on two occasions. On November 24, 2015, Reeckmann was served with "personal" service of an alias summons and a copy of the complaint by D. McKnight of the Vanderburgh County Sheriff's Department. Appellee's App. Vol. II, p. 4. On January 28, 2016, Reeckmann was served with a "copy" of a second alias summons and copy of the complaint by D. McKnight. Appellee's App. Vol. II, p. 5. Reeckmann, however, did not respond to the Wolfes' lawsuit.

[9] The Wolfes sought default judgment against the Defendants on March 3, 2016. The trial court entered default judgment against the Defendants on March 7,

2016.  The trial court subsequently entered judgment against the Defendants, jointly and severally, in the amount of $36,064.60, plus costs.

[10]   The Wolfes subsequently sought to enforce satisfaction of the default judgment. On June 7, 2016, the Wolfes requested that the trial court conduct a hearing at which the Defendants would be ordered to appear and answer questions concerning their property, profits, and income.  The trial court conducted this hearing on June 23, 2016.  Reeckmann appeared before the trial court during the June 23, 2016 hearing.  Reeckmann did not contest the trial court's jurisdiction over him at this time.  Instead, the record indicates that Reeckmann "appeared in open Court on 6-23-16 in response to Proceedings Supplemental to Execution and entered into an Agreed Order of Personal Garnishment accordingly."  Appellant's App. Vol. II, p. 10.  At the conclusion of this hearing, the trial court ordered garnishment in the amount of $100 per week toward the default judgment.

[11]   On September 8, 2016, Reeckmann filed a motion to set aside the default judgment, arguing for the first time that the trial court lacked personal jurisdiction over him.  Following a hearing, the trial court denied Reeckmann's motion.  Reeckmann then filed a motion to correct error, which was also denied by the trial court.  This appeal follows.

# Discussion and Decision

On appeal, Reeckmann contends that the trial court abused its discretion by denying his request to set aside the default judgment which had been entered against him. In making this contention, Reeckmann argues that the trial court erred in finding that it had personal jurisdiction over him. Reeckmann also argues that the trial court should have granted his motion to set aside the default judgment because the requested relief was both necessary and just.

## I. Standard of Review

The decision whether to set aside a default judgment is given substantial deference on appeal. Our standard of review is limited to determining whether the trial court abused its discretion. An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. We may affirm a general default judgment on any theory supported by the evidence adduced at trial. The trial court's discretion is necessarily broad in this area because any determination of excusable neglect, surprise, or mistake must turn upon the unique factual background of each case. Moreover, no fixed rules or standards have been established because the circumstances of no two cases are alike. A cautious approach to the grant of motions for default judgment is warranted in cases involving material issues of fact, substantial amounts of money, or weighty policy determinations. In addition, the trial court must balance the need for an efficient judicial system with the judicial preference for deciding disputes on the merits. Furthermore, reviewing the decision of the trial court, we will not reweigh the evidence or substitute our judgment for that of the trial court. Upon a motion for relief from a default judgment, the burden is on the movant to show sufficient grounds for relief under Indiana Trial Rule 60(B).

*Kmart Corp. v. Englebright*, 719 N.E.2d 1249, 1253 (Ind. Ct. App. 1999) (internal citations and quotation omitted); *see also Huntington Nat. Bank, v. Car-X Assoc. Corp.*, 39 N.E.3d 652, 655 (Ind. 2015) (quoting *Kmart*, 719 N.E.2d at 1253).

[14] While the decision of whether to set aside a judgment is usually given substantial deference on appeal, the question of whether a trial court has personal jurisdiction over a defendant is a question of law. *In re Adoption of D.C.*, 887 N.E.2d 950, 955 (Ind. Ct. App. 2008).

> As with other questions of law, a determination of the existence of personal jurisdiction is entitled to de novo review by appellate courts. This court does not defer to the trial court's legal conclusion as to whether personal jurisdiction exists. However, personal jurisdiction turns on facts, and findings of fact by the trial court are reviewed for clear error. Clear error exists where the record does not offer facts or inferences to support the trial court's findings or conclusions of law.

*Id.* (internal citations omitted). "Ineffective service of process prohibits a trial court from having personal jurisdiction over a respondent." *Id.* (citing *Volunteers of Am. v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 659 (Ind. Ct. App. 2001)). "A judgment rendered without personal jurisdiction over a defendant violates due process and is void." *Id.* (citing *Stidham v. Whelchel*, 698 N.E.2d 1152, 1154 (Ind. 1998)).

## II. Whether the Trial Court Erred in Determining that it had Personal Jurisdiction over Reeckmann

[15]  Reeckmann argues that the trial court abused its discretion in denying his motion to set aside the default judgment entered against him because the trial court did not have personal jurisdiction over him. We disagree.

[16]  As is stated above, the record indicates that Reeckmann was served with notice of the lawsuit on two separate occasions. On November 24, 2015, Reeckmann was served with "personal" service of an alias summons and a copy of the complaint by D. McKnight of the Vanderburgh County Sheriff's Department. Appellee's App. Vol. II, p. 4. On January 28, 2016, Reeckmann was served with a "copy" of a second alias summons and copy of the complaint by D. McKnight. Appellee's App. Vol. II, p. 5.

[17]  Furthermore, even if Reeckmann had not been personally served with notice of the lawsuit, he has waived his claim of lack of personal jurisdiction by submitting himself to the trial court's jurisdiction. We have previously concluded that a defendant "can waive the lack of personal jurisdiction and submit himself to the jurisdiction of the court if [he] responds or appears and does not contest the lack of jurisdiction." *Thomison v. IK Indy, Inc.*, 858 N.E.2d 1052, 1055 (Ind. Ct. App. 2006). The facts of the instant matter indicate that not only did Reeckmann appear before the trial court during the June 23, 2016 hearing on Proceedings Supplemental, he participated in the hearing and entered into an agreed order of personal garnishment. Nothing in the record indicates that Reeckmann made any challenge to the trial court's alleged lack of

jurisdiction over him when he appeared before the trial court. As such, we conclude that Reeckmann has waived any challenge to the alleged lack of personal jurisdiction as he appeared before the court and submitted himself to the jurisdiction of the court by entering into an agreed order of garnishment. Given that Reeckmann waived any jurisdictional claim that he might have had by submitting himself to the jurisdiction of the trial court, the trial court cannot be said to have abused its discretion in exercising its jurisdiction over Reeckmann.

## III. Whether the Trial Court Abused its Discretion in Determining that the Requested Relief was Not Necessary or Just

[18] Reeckmann argues that the trial court should have granted his motion to set aside the judgment because such requested relief was necessary and just.

> The grant or denial of a Trial Rule 60(B) motion for relief from judgment is left to the equitable discretion of the trial court. *G.H. Skala Construction Co. v. NPW, Inc.*, 704 N.E.2d 1044, 1047 (Ind. Ct. App. 1998). We will reverse only if the trial court abused its discretion. *Id.* An abuse of discretion occurs when the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id.*

*Cullimore v. St. Anthony Med. Ctr., Inc.*, 718 N.E.2d 1221, 1223 (Ind. Ct. App. 1999).

The relevant portions of the version of Indiana Trial Rule 60(B) which was in effect when Reeckmann filed his motion for relief from judgment provide as follows:

> **Rule 60.  Relief from Judgment or order**
> ****
> **(B) Mistake—Excusable neglect—Newly discovered evidence—Fraud, etc.**  On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
> ****
> > (8) any reason justifying relief from the operation of a judgment, other than those reasons set forth in sub-paragraph (1), (2), (3), and (4).
>
> The motion shall be filed within a reasonable time for … (8), and … (8) must allege a meritorious claim or defense.

(Bold in original).  A party seeking relief from judgment under subsection (B)(8) must affirmatively demonstrate extraordinary circumstances.  *Cullimore*, 718 N.E.2d at 1224 (citing *G.H. Skala*, 704 N.E.2d at 1047).

> Among other things, exceptional circumstances do not include mistake, surprise, or excusable neglect, which are set out in Rule 60(B)(1).  [*Brimhall v. Brewster*, 864 N.E.2d 1148, 1153 (Ind. Ct. App. 2007)].  Trial Rule 60(B)(8) has in the past been distinguished on the following grounds:
> > [Trial Rule] 60(B)(8) is an omnibus provision which gives broad equitable power to the trial court in the exercise of its discretion and imposes a time limit based only on reasonableness.  Nevertheless, under T.R. 60(B)(8), the party seeking relief from the judgment must show that its failure to act was not

> merely due to an omission involving the mistake, surprise or excusable neglect. Rather some extraordinary circumstances must be demonstrated affirmatively. This circumstance must be other than those circumstances enumerated in the preceding subsections of T.R. 60(B).
>
> *Id*. (quoting *Ind. Ins. Co. v. Ins. Co. of N. Am.*, 734 N.E.2d 276, 279-80 (Ind. Ct. App. 2000) (internal quotation omitted)).

*Baker & Daniels, LLP v. Coachmen Indus., Inc.*, 924 N.E.2d 130, 140 (Ind. Ct. App. 2010), *trans. denied*. "For all subsections of T.R. 60(B), the burden is on the movant to establish the grounds for relief." *Cullimore*, 718 N.E.2d at 1224 (citing *G.H. Skala*, 704 N.E.2d at 1047).

[20] We reiterate that Reeckmann personally appeared before the trial court and agreed to the imposed garnishment order. It would be contrary to justice to allow Reeckmann to later come back to the court and argue that an agreed order must be set aside. Further, while Reeckmann has presented what he alleges to be a meritorious defense, he has failed to affirmatively demonstrate any extraordinary circumstances which would justify granting relief from the default judgment under Trial Rule 60(B)(8).

# Conclusion

[21] In sum, Reeckmann was served twice with notice of the lawsuit. Furthermore, even if we were to assume that he did not receive notice of the lawsuit, Reeckmann has waived his claim relating to personal jurisdiction as he submitted himself to the jurisdiction of the trial court and agreed to the

garnishment order.  Reeckmann also failed to affirmatively demonstrate any extraordinary circumstances which would justify relief under Trial Rule 60(B)(8).  As such, Reeckmann has failed to demonstrate that the trial court abused its discretion by denying his request that the default judgment entered against him be set aside.  We therefore affirm the judgment of the trial court.

The judgment of the trial court is affirmed.

Brown, J., and Pyle, J., concur.