**NATIONAL INSURANCE ASSOCIATION and John P. Jackson, Appellants–Defendants,**

v.

**PARKVIEW MEMORIAL HOSPITAL, Appellee–Plaintiff.**

No. 02A03–9105–CV–128.

Court of Appeals of Indiana, Third District.

May 7, 1992.

Edward L. Murphy, Jr., Edward J. Liptak, Miller Carson & Boxberger, Fort Wayne, for appellants-defendants.

Dennis F. Dykhuizen, Catherine C. Ediger, Rothberg, Gallmeyer, Fruechtenicht & Logan, Fort Wayne, for appellee-plaintiff.

GARRARD, Judge.

### I. Facts and Procedural History

This is an appeal from a partial summary judgment in favor of Parkview Memorial Hospital (Parkview) against National Insurance Association (National) and John P. Jackson for $10,083.04, which was secured by Parkview's perfected hospital lien. We affirm.

The trial court found the following facts to be undisputed. On April 21, 1989, Jackson and Harrison Thomas were involved in an automobile collision in Kosciusko County, Indiana. Jackson's vehicle collided with that of Thomas. At the time of the collision, Jackson had an automobile insurance policy with National which included liability coverage of $25,000 for the bodily injury or death of any one person.

As a proximate result of the collision, Thomas suffered personal injuries. Thomas was treated at Parkview from April 22, 1989, through May 10, 1989, during which time reasonable and necessary medical expenses in the amount of $9,008.08 were rendered to and incurred by Thomas.

Parkview made reasonable efforts to pursue medical insurance proceeds, but no payments were received by Parkview for Thomas' medical expenses. On July 7, 1989, Parkview timely filed with the Allen County Recorder's Office its hospital lien for the recovery of the costs of the health care services rendered to Thomas. Within ten days from the filing of the lien, Parkview sent a copy of the lien by registered mail, postage prepaid, to Jackson, Thomas, National, and the Indiana Department of Insurance.

On February 22, 1990, National, on behalf of Jackson, issued a check to Thomas and his attorney in the amount of $25,-

000.00. This check was paid to Thomas as settlement of Thomas' claim against Jackson with respect to the automobile collision of April 22, 1989. The settlement check from National was issued to Thomas without any payment to Parkview on its hospital lien. No motion to quash or motion to reduce Parkview's hospital lien was filed by National, Jackson, or Thomas with the Allen Circuit Court to contest the lien or the reasonableness of the charges claimed by Parkview. Furthermore, Parkview's lien was properly perfected pursuant to IC 32-8-26-3, *et seq.* The lien was neither released nor was the amount of the indebtedness set forth in the lien reduced. Jackson, National, and Thomas have either refused or failed to pay the claim.

As a result, Parkview filed suit on September 9, 1990. After National and Jackson filed their answer, Parkview filed a motion for partial summary judgment on December 7, 1990. After National and Jackson filed their response to the motion, the trial court granted Parkview's motion for partial summary judgment on January 9, 1991.

As a result of the settlement between Jackson (through National) and Thomas of the collision claim, the trial court determined that Parkview incurred damages in the amount of the hospital lien ($9,008.08), plus prejudgment interest thereon at the rate of eight percent per annum from July 7, 1991 ($1,074.96), for total damages in the amount of $10,083.04. The trial court noted that the action remains open for additional proceedings, if any, with respect to Thomas, and with respect to Parkview's claim for damages for its reasonable attorney's fees and costs in pursuing this action. The trial court then entered judgment for Parkview and against National and Jackson in the amount of $10,083.04. As a result, National and Jackson appeal.

## II. Issues

National and Jackson raise the following issues:

1. Whether the trial court's grant of partial summary judgment was in error because the hospital lien statute is a subrogation statute that does not expressly provide for *pro tanto* subrogation, meaning Parkview's right of subrogation did not exist unless the whole debt owed by Jackson to Thomas as a result of the collision had been paid to Thomas.

2. Whether the trial court's grant of partial summary judgment was in error because Parkview's hospital lien should have been reduced by the uncollectibility of the full value of Thomas' claim and by Parkview's pro rata share of attorney fees and costs, pursuant to IC 34-4-33-12 of the Comparative Fault Act.

## III. Discussion and Decision

### A. Standard of Review

On an appeal from a summary judgment, we must determine whether the record reveals a genuine issue of material fact and whether the trial court correctly applied the law. *Jones v. Central Nat. Bank of St. Johns* (1989), Ind.App., 547 N.E.2d 887, 889. We will affirm the trial court's grant of a summary judgment if it is sustainable on any theory or basis found in the record. *Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154, 157. In this case, we find no genuine issue of material fact, and we find that the trial court correctly applied the law to the pertinent, undisputed facts.

### B. Subrogation Issue

■ National and Jackson contend that the hospital lien statute provides subrogation rights to hospitals. We disagree. IC 32-8-26-3 provides:

(a) *A person, firm, partnership, association, or corporation maintaining a hospital in the state,* or a hospital owned, maintained, or operated by the state or a political subdivision *has a lien for all reasonable and necessary charges for hospital care, treatment, or maintenance of a a patient (including emergency ambulance services provided by the hospital) upon any cause of action, suit, or claim accruing to the patient,* or in the case of the patient's

death, the patient's legal representative, because of the illness or injuries that:

(1) gave rise to the cause of action, suit, or claim; and

(2) necessitated the hospital care, treatment, or maintenance.

(b) *The lien:*

(1) except as provided in subsection (c), *applies to any amount obtained or recovered by the patient by settlement or compromise rendered or entered into by the patient or the patient's legal representative;*

(2) is subject and subordinate to any attorney's lien upon the claim or cause of action;

(3) is not applicable to accidents or injuries within the purview of:

(A) IC 22–3;

(B) 5 U.S.C. 8101 *et seq.;* or

(C) 45 U.S.C. 51 *et seq.*

(4) is not assignable; and

(5) must first be reduced by the amount of any medical insurance proceeds paid to the hospital on behalf of the patient after the hospital has made all reasonable efforts to pursue the insurance claims in cooperation with the patient.

(c) If a settlement or compromise that is subject to subsection (b)(1) is for an amount that would permit the patient to receive less than twenty percent (20%) of that amount if all of the liens created under this chapter were paid in full, the liens must be reduced on a pro rata basis to the extent that will permit the patient to receive twenty percent (20%) of that amount.

IC 32–8–26–3(a), (b), (c) (emphasis added).

By this statute, our legislature gives the hospital a specific interest in property otherwise *accruing to the patient for the* amount of the health care, treatment, and maintenance rendered by the hospital to its patient when the hospital has properly perfected its lien. With a properly perfected lien for the amount of services provided to the hospital's patient, the hospital has a direct right in the insurance proceeds and other settlement funds which are paid to the patient by the person claimed to be liable for the patient's injuries or that person's agent.

■ The trial court correctly noted that Parkview perfected its hospital lien and gave notice of the lien to National and Jackson pursuant to IC 32–8–26–4. Nevertheless, National and Jackson settled with Thomas without satisfying the lien. IC 32–8–26–6, which addresses this situation, provides in relevant part:

(b) The release or settlement of a claim with a patient by a person claimed to be liable for the damages incurred by the patient:

(1) after a lien has been perfected under section 4 of this chapter; and

(2) without obtaining a release of the lien;

entitles the lienholder to damages for the reasonable cost of the hospital care, treatment, and maintenance.

IC 32–8–26–6(b)(1), (2). Although no cases have interpreted this statute to date, we find that it entitles Parkview, as lienholder, to damages because a settlement was made by Jackson through his insurer, National, *after* Parkview's lien was perfected and before it was released. Because they had notice of the lien, Jackson and National should have satisfied it before issuing the settlement proceeds to Thomas. As a result of their failure, the trial court properly found Parkview was entitled to judgment against them. Any other holding would make the notice provisions to persons thought to be liable for a patient's injuries useless. To the contrary, we believe our legislature, to insure that hospitals are compensated for their services and thereby serve the public welfare, intended to bind parties responsible for a patient's injuries if they ignore the lien when settling a claim.

National and Jackson seek to focus our attention on subrogation. They agree that the hospital lien statute provides a procedure by which hospitals may recover medical bills, but they claim that the statute does not overrule the general rule in Indiana that subrogation does not exist unless the whole debt has been paid. *See*

*Willard v. Automobile Underwriters, Inc.* (1980), Ind.App., 407 N.E.2d 1192, 1193, *trans. denied; Capps v. Klebs* (1979), 178 Ind.App. 293, 382 N.E.2d 947, 950, *trans. denied.* Furthermore, they contend *pro tanto* subrogation (subrogation before the debt is completely satisfied) is not available unless the statute or a contract creates such a right. In this case, the hospital lien statute does not expressly provide for *pro tanto* subrogation rights, and no contract is in the record showing that such rights have been created. As a result, Jackson and National contend that unless it is shown that the settlement received by Thomas fully compensated him, Parkview has no claim to any portion of the $25,000. Essentially, they argue that summary judgment was improper because a material issue exists regarding whether the $25,000 settlement issued to Thomas from Jackson's policy through National represented full compensation to Thomas in keeping with Indiana's subrogation requirements. We find the argument is misplaced. The hospital lien statute does not provide subrogation rights. Because the hospital lien statute is not a subrogation statute, the issues of *pro tanto* subrogation and whether Thomas was fully compensated are irrelevant to this case.

The hospital lien statute creates a "lien" in favor of a hospital for unpaid medical expenses. A "lien" is a "charge or security or incumbrance upon property." BLACK'S LAW DICTIONARY 1072 (4th ed. 1951). On the other hand, "subrogation" is "the substitution of one person in the place of another with reference to a lawful claim, demand or right ..., so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities." BLACK'S LAW DICTIONARY 1595 (4th ed. 1951). Similarly, we have stated that subrogation is "a legal fiction through which a person, who not as a volunteer or in his own wrong, and in the absence of outstanding and superior equities, pays the debts of another, is substituted to all rights and remedies of the other." *Capps,* 382 N.E.2d at 950; *See also Norris v. United States Fidelity and Guar. Co.* (1982), Ind.

App., 436 N.E.2d 1191, 1193–1194, *trans. denied.* In this case, Parkview did not "pay" the debts of Thomas, and the hospital lien statute does not give Parkview a right to substitute itself in place of Thomas to collect a claim belonging to Thomas as its patient. The hospital merely has an interest in the proceeds of a claim or settlement that Thomas is to receive. As IC 32–8–26–8 of Indiana's hospital lien statute provides:

> *This chapter does not give any hospital a right:*
>
> (1) *of action to determine liability;* or
>
> (2) to approve a compromise or settlement; *for injuries sustained by any person covered by this chapter.*

IC 32–8–26–8 (emphasis added). This provision reveals that the hospital is not substituted in place of Thomas, and has no right to bring an action on behalf of or in place of Thomas. Instead, the hospital merely has an interest in the proceeds that Thomas is to receive from an action, compromise, or settlement. Consistent with this interpretation of the statute is the plain language of the emphasized portions of IC 32–8–26–3, above, which reveal that the lien is upon "any cause of action, suit, or claim accruing to the patient" and "applies to any amount obtained or recovered by the patient by settlement or compromise rendered or entered into by the patient." *See* IC 32–8–26–3(a), (b)(1). Indiana's hospital lien statute does not expressly mention "subrogation" anywhere in its provisions, nor are its provisions consistent with subrogation. We find that the subrogation argument that Jackson and National advance is inapplicable to the hospital lien statute. Accordingly, their *pro tanto* subrogation argument is also unavailing.

### C. Comparative Fault Issue

■ Jackson and National next contend that under Indiana's Comparative Fault Act, Parkview's claim for medical expenses via its lien must be diminished by the inability of National's policy limits to fully compensate Thomas, and by a pro rata share of Thomas' attorney fees and litiga-

tion expenses. The Comparative Fault Act provides in relevant part:

> If a subrogation claim or other lien or claim that arose out of the *payment* of medical expenses or other benefits exists in respect to a claim for personal injuries or death and the claimant's recovery is diminished:
>
> (1) by comparative fault; or
>
> (2) by reason of the uncollectibility of the full value of the claim for personal injuries or death resulting from limited liability insurance or from any other cause;
>
> the lien or claim shall be diminished in the same proportion as the claimant's recovery is diminished. The party holding the lien or claim shall bear a pro rata share of the claimant's attorney's fees and litigation expenses.

IC 34-4-33-12 (emphasis added). Citing this provision, Jackson and National assert that because it was not established below that the $25,000 settlement fully compensated Thomas, summary judgment was improper in light of the above statutory language requiring the lien to be diminished in the same proportion as Thomas' recovery. We disagree.

The plain language of the statute shows that it is also inapplicable to the case at bar. In our case, Parkview has not "paid" Thomas' medical expenses. Thomas incurred the medical expenses at Parkview, but they remain "unpaid" and are due and owing to Parkview. We find that Parkview's lien is not subject to reduction by this provision of the Comparative Fault Act.

The trial court properly granted Parkview a partial summary judgment against National and Jackson on Parkview's hospital lien.[1] This action is now remanded to the trial court for a determination of Parkview's claim against National and Jackson for trial and appellate attorney's fees.

---

**1.** Because it is unnecessary to the resolution of this appeal, we do not address whether National and Jackson may pursue Thomas for reimbursement of this judgment under the release and

The trial court's judgment is affirmed and remanded for proceedings consistent with this opinion.

RUCKER, P.J. and STATON, J. concur.

indemnification agreement they assert was executed by him when the $25,000 was issued to him.