Itha D. and Gary THOMAS,
Appellants–Plaintiffs,

v.

STATE of Indiana, Indiana DEPART-
MENT OF TRANSPORTATION, Baker
Concrete Construction Company, Inc.,
Shaffer Trucking Inc., Dyer Construc-
tion Corporation, and Dennis Boggs, Ap-
pellees–Defendants.

No. 37A03–9702–CV–52.

Court of Appeals of Indiana.

June 18, 1998.

Transfer Denied Oct. 28, 1998.

Mark A. Dabrowski, Dabrowski & Huston, Kokomo, for Appellants–Plaintiffs.

Kenneth M. Wilk, Highland, for Baker Concrete Construction Company, Inc.

Patrick J. Dougherty, Edward W. Hearn, Spangler, Jennings & Dougherty, P.C., Valparaiso, for Dyer Construction Corp.

Ruben B. Shehigian, Jr., Chicago, for State of Indiana and IDOT.

Thomas J. Trauring, Fell, McGarvey, Trauring & Wilson, Kokomo, for Schaffer Trucking, Inc. and Dennis Boggs.

## OPINION

STATON, Judge.

In this personal injury action, Itha D. and Gary Thomas appeal from the trial court's grant of two summary judgment motions, the first entered in favor of the owner and operator of the semi-tractor trailer that struck Itha Thomas, the second entered in favor of the prime contractor and subcontractor on a highway construction project where Itha Thomas was injured. The Thomases present two issues for our review which we restate as:

I. Whether the operator of the semi-tractor trailer owed Itha Thomas a legal duty and, if so, whether the designated evidence negates either the breach of duty or proximate causation elements of the negligence claim.

II. Whether the designated evidence negates at least one element of the negligence claims against the prime contractor and subcontractor.

We reverse and remand.

The facts construed in favor of the Thomases show that, on the afternoon of March 12, 1993, Tri–Union Express employee Itha Thomas ("Thomas") hauled culvert and piping material in an eighteen wheel flat-bed semi-tractor trailer to a construction site located on Interstate 65 in Jasper County. Baker Concrete Construction, Inc. ("Baker Concrete") was the prime contractor on a project conducted by the State of Indiana and the Indiana Department of Transportation; Dyer Construction Corporation ("Dyer Construction") was the subcontractor responsible for installation of drainage culverts and piping. Pursuant to directions from Dyer Construction employees, Thomas parked her truck on the paved shoulder, her tires resting two feet from the edge of the traveled portion of the highway. A Dyer Construction red pick-up truck was positioned approximately fifty feet behind Thomas. It bore an orange diamond-shaped warning sign on its rear tailgate, two amber warning lights on its top and one red warning flag in each rear tie-down hole.

In accordance with her normal procedure, Thomas loosened the straps which secured her cargo and, after a Dyer Construction employee removed part of the construction material, she began tightening the straps from the driver's side, the side nearest the traveled portion of the highway. During the same time frame, Dennis Boggs ("Boggs") was driving an eighteen wheel semi-tractor trailer northbound in the right-hand lane of the four-lane divided highway. The semi was owned by Boggs' employer, Shaffer Trucking, Inc. ("Shaffer"). Having traveled this area on a regular basis, Boggs was aware that off-road construction was underway. The weather was clear and, from approximately two thousand feet away, Boggs noticed a "Survey Crew" sign. He then observed Thomas' truck parked on the right-hand shoulder of the highway and saw Thomas at the right rear passenger side of the vehicle. Boggs stated he reduced his 55 to

60 m.p.h. speed, but he did not downshift from the highest gear or apply his brakes. Another semi-tractor trailer traveling in the left lane prevented Boggs from moving into that lane, and Boggs struck Thomas as she finished tightening the front strap. The impact tore Thomas' boot from her leg and caused serious injuries to her leg.

The Thomases filed suit against the State of Indiana, the Indiana Department of Transportation, Boggs, Shaffer, Dyer Construction and Baker Concrete, alleging various instances of negligence.[1] Boggs and Shaffer jointly filed a motion for summary judgment. Following a hearing, the trial court found no evidence of negligence and granted their motion. Dyer Construction separately moved for summary judgment, and Baker Concrete joined in that motion. In entering summary judgment in favor of the contractors, the trial court determined Dyer Construction and Baker Concrete owed Thomas a duty. However, because the court concluded Thomas either stepped or backed into the traveled portion of the highway, it found no evidence of a breach of duty which proximately caused Thomas' injuries. The Thomases now appeal the orders granting summary judgment which were consolidated for purposes of this appeal.

■ Our standard of review is well-settled. Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The burden is on the moving party to prove it is entitled to summary judgment. *Squires v. Utility/Trailers of Indianapolis, Inc.*, 686 N.E.2d 416, 420 (Ind.Ct.App.1997). In this case, the trial court entered findings which aid our review but are not binding on this court. *Althaus v. Evansville Courier Co.*, 615 N.E.2d 441, 444 (Ind.Ct.App.1993), *reh. denied*. Instead, when reviewing a summary judgment ruling, we stand in the shoes of the

trial court. *Reed v. Luzny*, 627 N.E.2d 1362, 1363 (Ind.Ct.App.1994), *reh. denied, trans. denied*. We do not weigh evidence, but construe the pleadings and designated materials in a light most favorable to the non-movant, giving careful scrutiny to assure that the losing party is not improperly denied its day in court. *Miller v. Memorial Hosp. of South Bend, Inc.*, 679 N.E.2d 1329, 1330 (Ind.1997).

The negligence cause of action, in which this case is couched, is comprised of three elements: 1) a duty on the part of the defendant to conform his conduct to the standard of care arising from his relationship with the plaintiff; 2) the defendant's failure to conform to the requisite standard of care; and 3) injury to the plaintiff that was proximately caused by the breach. *Shepard by Shepard v. Porter*, 679 N.E.2d 1383, 1388 (Ind.Ct.App. 1997), *reh. denied*. Summary judgment is rarely appropriate in negligence actions. *Colen v. Pride Vending Serv.*, 654 N.E.2d 1159, 1162 (Ind.Ct.App.1995), *reh. denied, trans. denied*. Nevertheless, one is entitled to judgment as a matter of law when undisputed material facts negate at least one element of a plaintiff's claim. *Id.*

## I.

### *Boggs and Shaffer*

■ The Thomases first allege that the trial court improperly entered summary judgment in favor of Boggs and Shaffer.[2] Specifically, they claim that Boggs owed them a duty to maintain a lookout and to properly control his vehicle. They further assert there are genuine issues of material fact regarding whether Boggs breached those duties and whether that breach proximately caused Thomas' injuries. We agree.

■ All drivers are under a common law duty to maintain a proper lookout while operating their vehicles, construed as a duty to see that which is clearly visible or which in

1. Gary Thomas' cause of action is for loss of consortium. The State of Indiana and the Indiana Department of Transportation are not involved in this appeal.

2. Under the doctrine of *respondeat superior*, a master is liable for the physical tort of his servant if the servant commits the act within the

scope of his employment. *Williams v. R.H. Marlin, Inc.*, 656 N.E.2d 1145, 1154 (Ind.Ct.App. 1995). While we analyze the summary judgment motion in terms of Boggs' negligence, it is understood that Shaffer is liable for Boggs' negligence, if any, because Boggs was operating Shaffer's truck within the scope of his employment.

the exercise of due care would be visible. *Thornton v. Pender*, 268 Ind. 540, 544, 377 N.E.2d 613, 617 (1978), *reh. denied; see also Nesvig v. Town of Porter*, 668 N.E.2d 1276, 1281 (Ind.Ct.App.1996); *Smith v. Beaty*, 639 N.E.2d 1029, 1032–33 (Ind.Ct.App.1994).[3] This includes the duty to maintain a lookout for construction workers on the visible but untraveled portion of the highway. *See Smith*, 639 N.E.2d at 1033 (motorist is charged with notice of obstructions that a person of ordinary prudence would reasonably be expected to observe).

■ Regarding breach of that duty, Boggs emphasizes that he last saw Thomas at the right rear of her semi, away from the highway, and is not liable for failing to anticipate her moving into a "zone of risk." Boggs' argument begs the question whether Boggs failed to observe Thomas near the roadway because he did not maintain a proper lookout. *See Springman by Springman v. Hall*, 642 N.E.2d 521, 524 (Ind.Ct.App.1994). Whether a motorist complied with the standard of ordinary care in keeping a lookout is generally a question for the fact-finder. *Smith*, 639 N.E.2d at 1033. In this case, Boggs noticed Thomas from approximately two thousand feet away when she was near the right side of her truck. Boggs did not observe Thomas on the driver's side although she was apparently there long enough to tighten a strap.[4] Nor did Boggs see the Dyer Construction red pick-up truck parked behind Thomas' truck with its warning sign, amber warning lights and red flags. This creates a genuine issue of material fact as to whether Boggs maintained a proper lookout.

Motorists also have a duty to use due care to avoid a collision and to maintain their vehicles under reasonable control. *Id.* at 1032; *see also* IND.CODE § 9–21–5–1 (Supp. 1992) ("Speed shall be restricted as necessary to avoid colliding with a person[.]"); § 9–21–5–4 (Supp.1992) ("The driver of each vehicle shall ... drive at an appropriate re-

duced speed ... [w]hen special hazard exists with respect to pedestrians ... by reason of weather or highway conditions."); § 9–21–8–37 (Supp.1992) ("Notwithstanding other provisions of this article ... a person who drives a vehicle shall ... [e]xercise due care to avoid colliding with a pedestrian[.]"). Boggs insists there is no evidence he failed to use due care. He points out that he was driving well within the posted speed limit.[5] Even if Boggs' statement is true, which involves a matter of credibility, Boggs did not downshift from the highest gear nor apply his brakes before striking Thomas. The question then is not whether Boggs was traveling within the posted speed limit but whether Boggs' speed was greater than that which was reasonable and prudent under then-existing circumstances. *See* IC 9–21–5–1; *Enyart v. Blacketor*, 168 Ind.App. 214, 342 N.E.2d 654 (1976). This remains a question of fact. *See Board of Com'rs of Delaware County v. Briggs*, 167 Ind.App. 96, 134, 337 N.E.2d 852, 875 (1975), *reh. denied*, 167 Ind.App. 96, 340 N.E.2d 373 (1976).

There is also a question of fact regarding whether Boggs properly controlled his vehicle's path. Shortly before the incident, a Dyer Construction employee walked behind Thomas who was tightening the front strap on the trailer, that is, between Thomas and the traveled portion of the roadway. This reasonably infers that Thomas was standing on the shoulder at that time. At about the time Boggs struck Thomas, another semi was passing Boggs and, recognizing the restricted area in which he was maneuvering, Boggs stated, "I ... seen that this wasn't no place for Mr. Boggs to be[.]" More compelling, photographs taken after the incident display blood adjacent to and under Thomas' truck on the paved shoulder of Interstate 65, but no blood was found on the traveled portion of the highway. One logical inference from the foregoing evidence is that Boggs deviated from his lane and struck Thomas on the

---

3. Thomas has a corresponding duty to exercise ordinary care for her own safety. *See Nesvig v. Town of Porter*, 668 N.E.2d 1276, 1281 (Ind.Ct. App.1996).

4. Robert Borman, a Dyer Construction employee, testified that Thomas had completed tighten-

ing the front strap when she was struck. Record at 591–94.

5. The posted maximum lawful speed limit was 60 miles per hour. Record at 255; *see* IND.CODE § 9–21–5–2 (Supp.1992).

paved shoulder.[6] Taken as a whole, the evidence gives rise to conflicting inferences regarding breach of a duty so that this matter remains a question for the fact-finder.

 Boggs also vehemently argues there is no evidence of proximate causation. Specifically, he claims it is just as likely that Thomas stepped into the traveled portion of the highway or that she unexpectedly fell into the highway so that the jury would be forced to engage in pure speculation in order to determine how Thomas was injured. In support of his claim, Boggs relies on the fact that no one witnessed the moment of impact. We agree that, absent special circumstances, negligence cannot be presumed from the mere occurrence of an accident. *Hale v. Community Hosp. of Indianapolis, Inc.,* 567 N.E.2d 842, 843 (Ind.Ct.App.1991). Similarly, causation may not be inferred merely from the existence of an alleged negligent act. *See Midwest Commerce Banking Co. v. Livings,* 608 N.E.2d 1010, 1013 (Ind.Ct.App. 1993). On the other hand, negligence need not be established by eyewitness testimony. *St. Joseph Bank and Trust Co. v. Putman,* 146 Ind.App. 55, 60, 252 N.E.2d 601, 605 (1969), *reh. denied.* It is a well-settled principle that the tort can be proven by circumstantial evidence alone. *Shepard,* 679 N.E.2d at 1388.

The apportionment of fault under the Comparative Fault Act is uniquely a question for the fact-finder; thus, the Thomases need not demonstrate that Boggs' act was the sole proximate cause of Thomas' injuries. *See Smith,* 639 N.E.2d at 1034. The designated evidence indicates that Boggs struck Thomas. Even if no witness can relate the relative positions of Boggs and Thomas at the moment of impact, it does not mean that a fact-finder would be incapable of apportioning fault based upon the circumstantial evidence produced at trial. Proximate causation remains a question of fact.

We conclude that the Thomases have demonstrated Boggs owed them a duty. Further, when viewed in a light most favorable to the Thomases, the designated evidence and reasonable inferences therefrom are sufficient to establish a genuine issue regarding whether Boggs breached his duty and whether this breach proximately caused Thomas' injuries. Summary judgment was improvidently granted in favor of Boggs and Shaffer.

## II.

### Dyer Construction and Baker Concrete

The Thomases also challenge the grant of summary judgment in favor of Dyer Construction and Baker Concrete. The trial court decided that the contractors owed Thomas a duty to use reasonable care for her safety, and Dyer Construction does not contest this finding.[7] However, the court found there was no breach of duty which proximately caused Thomas' injuries. This conclusion was based, in part, upon the court's finding that Thomas had stepped or backed into the traveled portion of the highway and that this act was not foreseeable. In this regard, the trial court inappropriately decided a factual dispute.

 Here, Dyer Construction had a materials drop-off site at another location but, in order to decrease costs, the subcontractor utilized Thomas to deliver the materials directly to the construction site on Interstate 65. At Dyer Construction's direction, Thom-

---

6. In its subsequent entry of summary judgment in favor of Dyer Construction and Baker Concrete, the trial court found that Boggs struck Thomas in the traveled portion of the interstate. The finding is based in part upon Thomas' inability to remember anything about the incident. In drawing this conclusion, the court failed to view the evidence in a light most favorable to Thomas and improperly decided a factual dispute. *See State ex rel. Corll v. Wabash Circuit Court,* 631 N.E.2d 914, 915 (Ind.1994) (summary judgment is not a substitute for a trial).

7. Without separately designating evidence, Baker Concrete joined in Dyer Construction's motion for summary judgment. We are cognizant that the relationship between Thomas and Baker Concrete was different from that of Thomas and Dyer Construction. We also note that Baker Concrete's answer, designated as evidence by the Thomases, contains a cross-claim against Dyer Construction. Despite these disparities, Baker Concrete did not present cogent argument accompanied by citation to authority addressing these matters. Thus, we analyze the Thomases' claims against the subcontractor and prime contractor together.

as parked in a location which necessitated her releasing and securing her cargo in close proximity to the traveled portion of the interstate. Yet, while Thomas stabilized the remaining cargo from the driver's side of the truck, no one was monitoring on-coming traffic. Nor did the red Dyer Construction truck alert Boggs as apparently intended. In light of this evidence, whether the parties failed to use due care for Thomas' safety remains a question of fact. Likewise, whether the breach of duty, if any, was a proximate cause of Thomas' injuries is a factual issue inappropriately resolved by summary judgment. When viewed in a light most favorable to the Thomases, the designated evidence fails to negate any element of the negligence claims against Dyer Construction and Baker Concrete.

The Thomases have raised genuine issues for trial. Thus, we reverse the entries of summary judgment in favor of Boggs and Shaffer and in favor of Dyer Construction and Baker Concrete, and we remand to the trial court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

GARRARD and DARDEN, JJ., concur.