Larry BECKER, Nancy Berry, Gene A. Blough, Mary Ellen Blough, Kenneth Dishon, Nancy Dishon, Darrell Dunlap, Beverly Dunlap, Allen Eash, Lucinda Eash, David Girton, Faith Girton, Tom Lano, Jane Lano, Cesar Luna, Shawna Luna, Floyd Martin, Deloris Martin, Stephen Miller, Elizabeth Miller, Donald Stebelton, Vicky Stebelton, Paul Cataldo, Cindy Miller, and Paul Preston, Appellants–Plaintiffs,

v.

FOUR POINTS INVESTMENT CORPORATION, Zelma Carrico, and Washington International Insurance Company, Appellees–Defendants.

No. 71A03–9805–CV–203.

Court of Appeals of Indiana.

March 26, 1999.

Rehearing Denied May 18, 1999.

Douglas D. Small, Foley & Small, South Bend, Indiana, Attorney for Appellants.

Lawrence A. Kalina, Michael T. Terwilliger, Spangler, Jennings & Dougherty, Merrillville, Indiana, Attorneys for Appellees.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Plaintiffs–Appellants are a group of loan applicants ("Applicants") who appeal following the trial court's grant of summary judgment in favor of surety Washington International Insurance Company ("Washington") on the issue of whether the Applicants may make a claim against the bond issued by Washington to loan broker Four Points Investment Corp. ("Four Points").

We reverse.

### ISSUE

Applicants present a number of issues, one of which we find dispositive and restate as follows: whether parties claiming damages may sue on the bond issued to loan brokers pursuant to the Loan Broker Statute.

### FACTS AND PROCEDURAL HISTORY

Four Points, now defunct, operated as a loan broker in the state of Indiana. As required by Ind.Code § 23–2–5–1 et seq. ("Loan Brokers Statute"), Four Points procured a bond in the amount of $25,000.00. The bond, which was issued by Washington, states that it is "for the use and benefit of all persons damaged by the breach of any of the conditions of this obligation...." It further provides that "[a]ny person who sustains such damages as covered by this bond may bring an action upon this bond...." and that "[e]very person who has a cause of action

under IC 23–2–5 may bring an action upon this bond to enforce any liability on the bond...."

Applicants each entered into agreements with and made various payments to Four Points to secure mortgage loan financing. Despite the Applicants having paid Four Points various amounts of money to secure financing, Four Points failed to secure financing and also failed to return the Applicants' monies. The Four Points employee with whom each of the Applicants worked was later charged with various felonies in connection with her employment and eventually pled guilty to larceny by conversion.

Applicants brought a claim for breach of contract, fraud, and civil action by a crime victim against Four Points and its employee. Applicants also filed a claim against Washington, seeking to recover damages on the bond issued by Washington to Four Points. Washington filed a motion for summary judgment, asserting that Applicants' claim must fail because under the Loan Brokers Statute, Washington is subject only to claims by the State of Indiana and not to claims by individuals harmed by Four Points' actions. The trial court granted Washington's motion and Applicants now appeal.

### DISCUSSION AND DECISION

Standard of Review

Our standard of review is well-settled. Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The burden is on the moving party to prove it is entitled to summary judgment. *Thomas v. State*, 698 N.E.2d 320, 322 (Ind. Ct.App.1998), *trans. denied.* When reviewing a summary judgment ruling, we stand in the shoes of the trial court. *Id.* We do not weigh evidence, but construe the pleadings and designated materials in a light most favorable to the non-movant, giving careful scrutiny to ensure that the losing party is not improperly denied its day in court. *Id.*

Washington argues that Applicants' claim is precluded by the Loan Brokers Statute. Ind.Code § 23–2–5–5(b) states that "[a]

loan broker must maintain a bond ... in the amount of twenty-five thousand dollars ($25,-000), which shall be in favor of the state." Ind.Code § 23–2–5–14(a) provides that "[i]f the commissioner determines ... that a person has violated this chapter, the commissioner may, in addition to all other remedies, impose a civil penalty upon the person in an amount not to exceed five thousand dollars ($5,000) for each violation." Washington contends that these sections taken together preclude claims against the bonding company by anyone other than the state. We disagree. Because this aspect of the Loan Brokers Statute has never been interpreted by our courts, we begin by examining the rules of statutory construction.

 The interpretation of a statute is a question of law which is reserved for the courts. *Chavis v. Patton,* 683 N.E.2d 253, 257 (Ind.Ct.App.1997). Our objective when construing the meaning of a statute is to ascertain and give effect to the legislative intent expressed in the statute. *Id.* Where a statute has not previously been construed, the interpretation is controlled by the express language of the statute and the rules of statutory construction. *Id.* When interpreting the words of a single section of a statute, this court must construe them with due regard for all other sections of the act and with regard for the legislative intent to carry out the spirit and purpose of the act. *Id.*

Upon a close examination of the Loan Brokers Statute, we find no stated limitation on who may bring a claim against a bonding company in an effort to recover bond proceeds to pay damages resulting from a loan broker's violation of its statutory obligations. Indeed, we find no reference at all regarding how the bond proceeds are to be used, merely that a bond is required. Reading the statute as a whole, it appears that the primary and perhaps sole purpose of the statute is to regulate loan brokering in an effort to protect those who transact business with loan brokers. It is entirely consistent with this purpose that the state would require a bond to protect the interests of individuals who are harmed by a loan broker and have no other recourse due to a loan broker's inability to pay damages due to bankruptcy, dissolution, or other events.

Washington argues, however, that because the bond is in favor of the state under § 23–2–5–5, and the state is authorized to impose fines on loan brokers under § 23–2–5–14, the bond proceeds must be reserved for the state. This interpretation ignores § 23–2–5–15, which states:

Sec. 15. Any person who violates this chapter, in connection with a contract for the services of a loan broker, is liable to any person damaged by the violation, for the amount of the actual damages suffered, interest at the legal rate, and attorney's fees. If a loan broker violates any provision of this chapter, in connection with a contract for loan brokering services, the contract is void, and the prospective borrower is entitled to receive from the loan broker all sums paid to the loan broker.

 Clearly, this section authorizes suits by individuals against loan brokers, just as § 23–2–5–14 authorizes penalties imposed by the state. Neither section, however, either mandates or precludes payment through bond proceeds. Rather, the purpose of the statute supports an interpretation allowing bond proceeds to be used whenever a claim for damages is successfully made against a loan broker who is insolvent. Furthermore, although this particular statute has not previously been interpreted, in cases brought under statutes with similar bond provisions, our courts have held that plaintiffs claiming individualized harm may recover the proceeds from a bond such as the one involved here: "[w]here bonds ... are required by the statute to run to the state, the rule is that the action is properly brought in the name of the State of Indiana on the relation of the person or persons who sustain the damage covered by the bond." *Fidelity & Cas. Co. of New York v. State ex rel. McWhir,* 110 Ind.App. 507, 32 N.E.2d 102, 104 (1941) (plaintiff claiming fraud sought to recover proceeds from a bond issued in accordance with the Blue Sky Law) (citing *Massachusetts, etc., Ins. Co. v. State ex rel.,* 191 Ind. 595, 131 N.E. 398 (1921), and cases cited therein (involving plaintiffs who sought to recover proceeds from a liquor dealer's bond obtained in

accordance with relevant statute)). We have no hesitation in similarly concluding that an action on the bond required by the Loan Brokers Statute may be brought for the benefit of an individual harmed by a loan broker. While we recognize that the proper way to bring the action is in the name of the State of Indiana on the relation of the plaintiff (in this case Applicants), Ind. Trial Rule 17(A)(2) provides that "[w]hen a statute provides for an action by this state on the relation of another, the action may be brought in the name of the person for whose use or benefit the statute was intended." We therefore hold as a matter of law that the Loan Brokers Statute does not preclude claims against the bonding company by plaintiffs seeking recovery of bond proceeds for any damages resulting from a loan broker's violation of its statutory obligations.

### CONCLUSION

The trial court erred in granting summary judgment in favor of Washington.[1]

Reversed.

STATON, J., and BROOK, J., concur.

---

**1.** We find no support for Washington's contention that a cause of action on the bond must wait until the underlying issue of liability is decided. On the contrary, judicial economy demands the reverse.