**Branson C. CULLIMORE,
Appellant–Defendant,**

v.

**ST. ANTHONY MEDICAL CENTER,
INC., Appellee–Plaintiff.**

**No. 37A03–9901–CV–37.**

Court of Appeals of Indiana.

Nov. 10, 1999.

April L. Board, Merrillville, Indiana, Attorney for Appellant.

Glenn S. Vician, Merrillville, Indiana, Attorney for Appellee.

## OPINION

ROBERTSON, Senior Judge

*STATEMENT OF THE CASE*[1]

Appellant–Defendant Branson Cullimore ("Cullimore") appeals from the denial of his Motion for Relief From Judgment and Request for Ruling on Hospital Lien Statute in a dispute with St. Anthony Medical Center, Inc. ("St.Anthony").

We affirm.

1. Appellant's request for oral argument is denied.

## ISSUE

The following issue is raised for our review:

Whether the trial court abused its discretion by denying Cullimore's Motion for Relief From Judgment on the basis that the Hospital Lien Statute's provision that lienholders take only a pro rata share of settlement or compromise proceeds releases the liens, but does not eliminate the remainder of the debt owed to the medical care provider.

## FACTS AND PROCEDURAL HISTORY

On May 23, 1994, Cullimore was a passenger in a vehicle involved in a collision. Cullimore sustained various injuries including a torn rotator cuff. Cullimore underwent surgery for the rotator cuff injury at St. Anthony. Cullimore lost wages in excess of $6,000.00 during the time he was recuperating.

Cullimore filed suit against the driver of the vehicle in which he was riding, Steven Buchwalter, and the other vehicle's driver, Charles Litzkow, on May 14, 1996. On January 15, 1998, the jury returned a verdict in favor of Cullimore and awarded him damages in the amount of $25,214.75. Litzkow was found to be one hundred percent at fault. After the trial, Cullimore owed $17,755.59 in medical bills, including what he owed to St. Anthony, owed attorneys' fees of $10,085.90, and owed expenses of $4,602.53.

On December 19, 1996, St. Anthony had obtained a default judgment against Cullimore in the amount of $4,375.61 for medical services rendered to Cullimore as a result of the rotator cuff injury he received in the automobile accident. St. Anthony now claims that the debt totals $4,710.45.

Cullimore filed a Motion for Relief from Judgment pursuant to Ind. Trial Rule 60(B) on October 14, 1998. After a hearing, the trial court found as follows:

The Court having taken under advisement the Defendant's Motion for Relief from Judgment and reviewed the evidence, argument, and legal citations submitted therein, now finds that the statute as cited to the Court here, to-wit: I.C. 32–8–26–3(c) provides that the medical lien shall be discharged upon compensation or settlement negotiated for less than the entire amount of the claims filed as liens.

The Court finds that the lien which the Plaintiff may have in this matter as the hospital provider against the proceeds received from the insurance settlement would be discharged and satisfied. However, the Court finds that had the legislature intended to release the entire debt, they would have made provisions within the statute providing that the entire underlying debt is released upon said settlement. That not being the language of the statute, the Court now finds that as to the proceeds recovered in this matter, the hospital's lien is released.

As to the judgment which has been entered in this matter, that judgment shall remain in effect as part of the underlying debt.

(R. 53–54). Additional facts will be provided.

## DISCUSSION AND DECISION
### STANDARD OF REVIEW

The grant or denial of a Ind. Trial Rule 60(B) motion for relief from judgment is left to the equitable discretion of the trial court. *G.H. Skala Construction Co. v. NPW, Inc.*, 704 N.E.2d 1044, 1047 (Ind.Ct.App.1998). We will reverse only if the trial court abused its discretion. *Id.* An abuse of discretion occurs when the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id.*

T.R. 60(B) provides as follows:

**(B) Mistake—Excusable neglect—Newly discovered evidence—Fraud, etc.**

On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment,

including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion· to correct errors under Rule 59;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;

\* \* \*

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

\* \* \*

Cullimore sought relief under T.R. 60(B)(8). A party seeking relief from judgment under subsection (8) must affirmatively demonstrate extraordinary circumstances. *G.H. Skala,* 704 N.E.2d at 1047. For all subsections of· T.R. 60(B), the burden is on the movant to establish the grounds for relief. *Id.*

### THE HOSPITAL LIEN STATUTE

Cullimore contends that the trial court erroneously interpreted the Hospital Lien Statute in a manner which would cause him injustice if the judgment is affirmed. Specifically, Cullimore contends that the default judgment entered against him for $4375.61 should be set aside, and that St. Anthony's sole remedy is to take a pro rata share of the proceeds from the $25,-214.75 jury verdict as satisfaction of· the total debt. We disagree.

Initially we note that although there is no evidence in the record that St. Anthony

recorded a hospital lien with the recorder's office pursuant to the Hospital Lien Statute, Ind.Code § 32–8–26–3–1 *et seq.,* both parties proceeded below as if St. Anthony held a lien against the proceeds Cullimore received from the jury trial arising from the accident, in addition to obtaining a default judgment against Cullimore. St. Anthony makes note of this in its brief. However, our decision is unaffected by the presence or absence of the lien.

 The Indiana Hospital Lien Statute, Ind.Code § 32–8–26–1, *et seq.* gives a hospital a specific interest in property otherwise accruing to the patient for the amount of the health care, treatment, and maintenance rendered by the hospital to its patient when the hospital has properly perfected its lien. *See National Insurance Association v. Parkview Memorial Hospital,* 590 N.E.2d 1141, 1144 (Ind.Ct. App.1992). The statute provides that the lien shall be filed for record in the recorder's office, and provides for the mailing of notices regarding the lien. *See* Ind.Code § 32–8–26–4. With a properly perfected lien for the amount of services provided to the hospital's patient, the hospital has a direct right in the insurance proceeds and other settlement funds which are paid to the patient by the person claimed to be liable for the patient's injuries or that person's agent. *National Insurance Association,* 590 N.E.2d at 1144.

The statute also provides that in the event that a patient settles or compromises a case for an amount, which after payment in full of all liens against that amount, would permit the patient to receive less than twenty percent of the amount, then the liens must be reduced on a pro rata basis to the extent that the patient receives at least twenty percent of the amount recovered. *See* Ind.Code § 32–8–26–3(c). Further, the hospital lien is junior and inferior to all claims for attorney's fees, court costs, and other expenses incurred in the recovery of damages for personal injuries. *See* Ind.Code § 32–8–26–2.

Cullimore advances the argument that once a lienholder takes a pro rata share of the amount recovered for the treatment and care of personal injuries, then the lien and the remainder of the underlying debt are extinguished and released. We disagree.

The interpretation of a statute is a question of law which is reserved for the court. *Becker v. Four Points Investment Corp.*, 708 N.E.2d 29, 31 (Ind.Ct.App. 1999). Our objective when construing the meaning of a statute is to ascertain and give effect to the legislative intent expressed in the statute. *Id.* Where a statute previously has not been construed, the interpretation is controlled by the express language of the statute and rules of statutory construction. *Id.*

When a statute is clear and unambiguous on its face, the court need not, and indeed must not interpret the statute. *Kaghann's Korner, Inc. v. Brown & Sons Fuel Co., Inc.*, 706 N.E.2d 556, 561 (Ind. Ct.App.1999). Rather, we give the statute its plain and clear meaning. *Id.*

Ind.Code § 32–8–26–3(c) provides as follows:

> (c) If a settlement or compromise that is subject to subsection (b)(1) is for an amount that would permit the patient to receive less than twenty percent (20%) of that amount if all of the liens created under this chapter were paid in full, the liens must be reduced on a pro rata basis to the extent that will permit the patient to receive twenty percent (20%) of that amount.

The trial court found that the remainder of the underlying debt continued to exist after the lien was released for a reduced amount. We agree with the trial court.

In the case of a mechanic's lien, our supreme court has stated that the lien cannot exist without the existence of a debt which, under statute, it secures. *See Mann v. Schnarr*, 228 Ind. 654, 662, 95 N.E.2d 138, 141 (1950). In the case of a hospital lien, the lien secures the underlying debt for medical treatment and care.

The statute allows a hospital to go after proceeds from a personal injury case in order to secure payment of the debt for medical treatment and care rendered. Nowhere in the Hospital Lien Statute does the legislature provide for the release of the underlying debt owed to the lienholders if the proceeds are insufficient to pay all lienholders in full, and allow the patient to recover twenty percent of the proceeds. Our reading of the statute leads us to the conclusion that the amount secured by lien is reduced in order to allow the patient to recover his or her twenty percent. The lien is then released, but the remainder of the underlying debt still exists.

In the present case, St. Anthony obtained a default judgment for the entire amount of the debt owed to it by Cullimore. If St. Anthony receives a pro rata share of the proceeds pursuant to a hospital lien, then Cullimore is entitled to a credit of that amount against the total debt owed to St. Anthony pursuant to the default judgment. However, the underlying debt is not released.

### CONCLUSION

The trial court did not abuse its discretion by denying Cullimore's T.R. 60(B)(8) motion to set aside default judgment. Cullimore did not meet his burden of proving extraordinary circumstances. Further the trial court correctly applied the Hospital Lien Statute in affirming the default judgment.

Affirmed.

GARRARD, J., and BAILEY, J., concur.