CLARIAN HEALTH PARTNERS,
et al., Appellants–Defendants,

v.

Phillip EVANS, Appellee–Plaintiff.

No. 84A04–0511–CV–632.

Court of Appeals of Indiana.

June 9, 2006.

Rudolph R. Pyle, III, Donald L. Harda-
mon, Indianapolis, IN, Attorneys for Ap-
pellant.

Randall L. Juergensen, Ryan K. John-
son, Keller & Keller, Indianapolis, IN, At-
torneys for Appellee.

## OPINION

SHARPNACK, Judge.

Clarian Health Partners ("Clarian") ap-
peals the trial court's denial of its motion
to correct error, which stemmed from the
trial court's declaratory judgment order
that estopped and precluded Clarian from
pursuing payments from Phillip Evans for
unpaid medical bills that were in excess of
the reduced hospital lien amount Clarian
recovered from Evans's personal injury
settlement proceeds.[1]   Clarian raises one

---

1.  In its appellant's brief, Clarian also argues
that the trial court erred by precluding "other
medical service providers" that did not hold a
hospital lien from pursuing payment for un-
paid medical bills following the disbursement

of Evans's settlement proceeds under the
Hospital Lien Act. Appellant's Brief at 5. Spe-
cifically, Clarian references Emergency Medi-
cal Group, Inc. ("EMGI"), Clarian Radiology,
and Center for Surgical Science and Trauma

issue, which we restate as whether the trial court's declaratory judgment order, which precluded Clarian from pursuing the underlying debt that Evans owed to Clarian after Clarian's hospital lien was released for a reduced amount, was contrary to the Hospital Lien Statute. We reverse and remand.

The relevant facts follow. In July 2003, Evans was a passenger in a vehicle that was involved in a collision. As a result of the collision, Evans injured his right hand and was required to have surgery and therapy. Evans received medical care from fourteen medical providers, including Clarian, and incurred medical expenses totaling just under $50,000. Clarian later perfected a hospital lien totaling $15,663.33 against Evans.

Evans eventually entered into a settlement with the driver's insurance company for the $25,000 liability policy limits. In November 2004, Evans filed a complaint for declaratory judgment against the fourteen medical providers and sought the trial court's assistance in distributing his $25,000 settlement proceeds.

The trial court held a hearing on the declaratory judgment[2] and, thereafter, entered an order, which provided:

1. The question presented in this case is the proper division of the settlement proceeds received by [Evans] as a result of personal injuries received in an automobile accident. As a result of this accident, [Evans] received medical treatment from the Defendant's [sic] herein and incurred medical bills of just under $50,000.00.

2. Defendants Union Hospital and Clarian Health Partners, Inc. properly filed hospital liens against [Evans] in the sums of $3,314.50 and $15,663.33 respectively.

3. [Evans] retained the law firm of Keller & Keller to represent him in his personal injury case against the driver who negligently caused his injuries. [Evans's] counsel successfully negotiated a settlement with the alleged tortfeasor's insurance carrier of $25,000.00. The Complaint filed by [Evans] indicates that, with the exception of the $25,000.00 in settlement proceeds, [Evans] has no other available funds (medical insurance, under insured motorists coverage) to satisfy his unpaid medical expenses. This issue is not disputed by the parties.

4. Indiana Code 32–33–4 controls with respect to the division of the settlement proceeds among the parties. Section 1 of the statute provides that only hospitals may file liens against judgments or settlements. Section 2 of the statute provides that a hospital lien is junior and inferior to any claims for attorneys' fees or expenses incurred in recovering the settlement. The evidence presented shows that [Evans's] counsel incurred $8,760.68 in fees and expenses for representing [Evans] in his personal injury claim. The amount of these fees and expenses is not disputed.

---

("CSST") as part of these other medical service providers and appears to include them as appellants in this appeal. We note that Clarian's appellant's case summary and our court's docket list Clarian as the only appellant in this appeal. Thus, we will discuss the facts relevant to Clarian.

2. This hearing was also scheduled to cover motions filed by EMGI, Clarian Radiology, and CSST to set aside default judgments entered against them.

5. Subtracting the attorneys' fees and costs from the total settlement amount leaves a remaining balance of $16,239.32. Unfortunately, this amount is not sufficient to satisfy the two (2) hospital liens that have been filed, let alone the other unpaid medical bills.

6. The statute, however, contemplate[s] this possibility. Specifically, I.C. [§ ] 32–33–4–[3](c) provides that even in the event the settlement proceeds are inadequate to satisfy the liens, the injured person is still entitled to 20% of the $25,000.00—or $5,000.00. The remaining balance must be divided pro rata between the lien holders pursuant to the statute.

7. Since the statute only applies to hospital liens (which by definition may only be filed by a hospital) the question remains as to what right, if any, the other medical providers have against the settlement proceeds. It is apparent from the statutory language that it was the legislative intent that injured persons receive at least 20% of any settlement resulting from a personal injury claim, regardless of the total amount of the injured party's medical bills. It would defeat the legislative purpose and intent to allow those not entitled to file hospital liens—in this case [Evans's] other medical providers—to assert any claim against [Evans] for the unpaid medical bills.

It is therefore, ORDERED, JUDGED AND DECREED that the Twenty-five Thousand Dollars in settlement proceeds shall be divided as follows:

(a) $5,000.00 to [Evans];

(b) $8,760.68 to [Evans's] attorneys, Keller & Keller;

(c) $8,870.07 to Clarian Health Partners, Inc.;

(d) $2,360.25 to Union Hospital.

The lienholders are further ordered to release their liens upon receipt of their share of the settlement proceeds. The claims of the remaining medical providers and defendents [sic] herein are estopped and they are[3] precluded from pursuing [Evans] for any account balance which he may owe resulting from the July 11, 2003, vehicle accident. Appellant's Appendix at 77–79. Clarian then filed a motion to correct error, which was later deemed denied.

■■■ The sole issue is whether the trial court's declaratory judgment order, which precluded Clarian from pursuing the underlying debt that Evans owed to Clarian after Clarian's hospital lien was released for a reduced amount, was contrary to the Hospital Lien Statute. Here, the trial court's declaratory judgment order was based on its interpretation of Ind. Code § 32–33–4–3, also referred to as the Hospital Lien Statute. The interpretation of a statute is a question of law, and we review questions of law under a de novo standard and owe no deference to a trial court's legal conclusions. *Tankersley v. Parkview Hosp., Inc.*, 791 N.E.2d 201, 204 (Ind.2003), *reh'g denied.*

■■■ "The Hospital Lien Act affords a hospital the right to impose a lien against any settlement paid to a patient or to cover charges for treatment rendered to a patient." *Id.* "The underlying purpose of the [Hospital Lien Act] is to '[e]nsure that hospitals are compensated for their services.'" *Id.* (quoting *National Ins. Ass'n*

---

**3.** The words "they are" were handwritten in the trial court's typed order and were followed by the pro tem judge's initials. Appellant's Appendix at 79.

*v. Parkview Mem'l Hosp.*, 590 N.E.2d 1141, 1144 (Ind.Ct.App.1992)).

Indiana Code § 32–33–4–3 provides:

(a) A person, a firm, a partnership, an association, a limited liability company, or a corporation maintaining a hospital in Indiana or a hospital owned, maintained, or operated by the state or a political subdivision has a lien for all reasonable and necessary charges for hospital care, treatment, and maintenance of a patient (including emergency ambulance services provided by the hospital) upon any cause of action, suit, or claim accruing to the patient, or in the case of the patient's death, the patient's legal representative, because of the illness or injuries that:

(1) gave rise to the cause of action, suit, or claim; and

(2) necessitated the hospital care, treatment, and maintenance.

(b) The lien provided for in subsection (a):

(1) except as provided in subsection (c), applies to any amount obtained or recovered by the patient by settlement or compromise rendered or entered into by the patient or by the patient's legal representative;

(2) is subject and subordinate to any attorney's lien upon the claim or cause of action;

(3) is not applicable to accidents or injuries within the purview of:

(A) IC 22–3;

(B) 5 U.S.C. 8101 et seq.; or

(C) 45 U.S.C. 51 et seq.;

(4) is not assignable; and

(5) must first be reduced by the amount of any medical insurance proceeds paid to the hospital on behalf of the patient after the hospital has made all reasonable efforts to pursue the insurance claims in cooperation with the patient.

(c) *If a settlement or compromise that is subject to subsection (b)(1) is for an amount that would permit the patient to receive less than twenty percent (20%) of the full amount of the settlement or compromise if all the liens created under this chapter were paid in full, the liens must be reduced on a pro rata basis to the extent that will permit the patient to receive twenty percent (20%) of the full amount.*

(emphasis added).

By this statute, our legislature gives the hospital a specific interest in property otherwise accruing to the patient for the amount of the health care, treatment, and maintenance rendered by the hospital to its patient when the hospital has properly perfected its lien. With a properly perfected lien for the amount of services provided to the hospital's patient, the hospital has a direct right in the insurance proceeds and other settlement funds which are paid to the patient by the person claimed to be liable for the patient's injuries or that person's agent.

*National Ins. Ass'n*, 590 N.E.2d at 1144.

Clarian argues that the trial court erroneously ordered that, under the Hospital Lien Statute, the underlying debt owed by Evans to Clarian was released after Clarian received a disbursement of Evans's settlement proceeds. In support of its argument that the trial court erroneously interpreted the Hospital Lien Statute, Clarian relies on *Cullimore v. St. Anthony Med. Ctr., Inc.*, 718 N.E.2d 1221 (Ind.Ct. App.1999).

In *Cullimore*, Cullimore was a passenger in a vehicle that was involved in a collision. *Cullimore*, 718 N.E.2d at 1223. Cullimore was injured and received medical treatment at St. Anthony's hospital.

*Id.* Cullimore filed suit against the driver, and a jury returned a verdict in favor of Cullimore and awarded him damages. *Id.* The hospital apparently perfected a hospital lien against Cullimore and also obtained a default judgment against Cullimore for unpaid hospital expenses. *Id.* at 1223–1224. Cullimore filed a motion requesting relief from the default judgment, which the trial court denied. *Id.* at 1223.

Cullimore appealed and argued that the default judgment should be set aside because the hospital's sole remedy was to take a pro rata share of the judgment as satisfaction for the total debt he owed to the hospital. *Id.* at 1224. Cullimore argued that, under the Hospital Lien Statute, "once a lienholder takes a pro rata share of the amount recovered for the treatment and care of personal injuries, then the lien and the remainder of the underlying debt are extinguished and released." *Id.* at 1225. We disagreed and held that under subsection (c) of the Hospital Lien Statute,[4] which provides that any hospital liens must be reduced on a pro rata basis to the extent that will permit a patient to receive twenty percent of the amount recovered, the remainder of the underlying debt continued to exist after the hospital lien was released for a reduced amount. *Id.*

> Nowhere in the Hospital Lien Statute does the legislature provide for the release of the underlying debt owed to the lienholders if the proceeds are insufficient to pay all lienholders in full, and allow the patient to recover twenty percent of the proceeds. Our reading of the statute leads us to the conclusion that the amount secured by lien is reduced in order to allow the patient to recover his or her twenty percent. The

lien is then released, but the remainder of the underlying debt still exists.

*Id.*

Here, Evans was injured in an automobile accident, received medical care from numerous medical providers, including Clarian, and incurred medical bills totaling almost $50,000. Evans eventually received a $25,000 settlement and had attorney fees totaling $8,760.68. Evans had hospital liens totaling $18,947.83 filed against him, including Clarian's hospital lien for $15,663.33. The settlement proceeds were insufficient to satisfy the lien amounts and to allow Evans to receive twenty percent of the settlement; thus, under Ind.Code § 32–33–4–3(c), Clarian and the other hospital lienholders were to required to have their liens reduced on a pro rata basis to the extent that would permit Evans to receive twenty percent of the full settlement amount, or in this case, $5,000. The trial court reduced Clarian's lien so that Evans could receive $5,000 but also ordered that the remainder of the underlying debt that Evans owed to Clarian was released and that Clarian was precluded from collecting it.

The trial court's release of the remainder of the underlying debt was contrary to our opinion in *Cullimore,* in which we held that "[n]owhere in the Hospital Lien Statute does the legislature provide for the release of the underlying debt owed to the lienholders if the proceeds are insufficient to pay all lienholders in full, and allow the patient to recover twenty percent of the proceeds." *Cullimore,* 718 N.E.2d at 1225. While Evans admits that "the statute *does not* specifically provide for the release of the underlying debt as this Court pointed out in *Cullimore,*" he, nevertheless, asks

---

4. At the time Cullimore was decided, Ind. Code § 32–33–4–3(c) was codified as Ind. Code § 32–8–26–3(c).

us to reverse our decision in *Cullimore.* Appellee's Brief at 2. We decline Evans's request. Based on our previous interpretation of subsection (c) of the Hospital Lien Statute in *Cullimore,* we conclude that the trial court erred when it ordered that Clarian was precluded from pursuing the remainder of the underlying debt that Evans owed Clarian. See, *e.g., Cullimore,* 718 N.E.2d at 1225. See also *State v. Dugan,* 793 N.E.2d 1034, 1036 (Ind.2003) (providing that it is just as important to recognize what the statute does not say as it is to recognize what it does say).

For the foregoing reasons, we reverse the trial court's denial of Clarian's motion to correct error and the trial court's declaratory judgment order and remand to the trial court.

Reversed and remanded.

NAJAM, J. concurs.

ROBB, J. concurs with separate opinion.

ROBB, Judge, concurring with separate opinion.

Although I concur with the majority, I write separately to emphasize that the result we have reached herein avoids what could, under other facts, be an inconsistent result. Here, we are concerned only with

medical expenses owed to a hospital. Our legislature has chosen, via the Hospital Lien Act, to protect hospitals and ensure that they are compensated at least in part for their services. See slip op. at 5 (quoting *Tankersley v. Parkview Hosp., Inc.,* 791 N.E.2d at 204). Providers not qualified as "hospitals" and not protected by the Hospital Lien Act are able to pursue the full amounts owed to them by the usual means. It would be incongruous, then, not to allow hospitals to pursue the remainder of the debt owed to them outside of the settlement. Any other result would actually result in less protection for the very entity the legislature has determined should be protected.[5] The Hospital Lien Act only ensures that hospitals will receive some recompense. There is no indication the legislature intended the guaranty of some payment would be the quid pro quo for foregoing the balance. It does not limit a hospital's ability to pursue full compensation. Subject to these comments, I concur with the majority.

---

**5.** Our supreme court recently decided the case of *Midtown Chiropractic v. Illinois Farmers Ins. Co.,* 847 N.E.2d 942 (Ind., 2006). In determining that Indiana common law prohibiting the assignment of personal injury claims also prohibits the assignment of the proceeds thereof, the court noted that if assignment of proceeds from a personal injury claim was allowed as distinguished from the personal injury claim itself, it "would operate to extend to [providers] unbridled collection rights far in excess of the statutory rights provided for hospitals...." Op. at 947. Although not entirely germane to the issue before us in this case, I feel it is important to note the supreme court's acknowledgment in *Midtown Chiropractic* of the legislature's intention to benefit hospitals and its reluctance to extend greater rights to those not protected by the lien statute.